IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEONDRE' ROSE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:25-CV-523-RAH-KFP |
| BUFFALO ROCK CO., | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Buffalo Rock Company's Partial Motion to Dismiss. Doc. 13. The Motion is fully briefed and ripe for review. Upon consideration of the parties' filings, the undersigned recommends the Motion is due to be granted.

**I.  BACKGROUND**

Plaintiff Deondre' Rose alleges that he worked as a merchandiser for Defendant in Montgomery, Alabama from November 2021 through October 2023. Doc. 9 ¶¶ 6–7, 10. Plaintiff alleges in January 2023, his supervisor, Suraz Estes, texted him notifying him he was tardy for work. Doc. 9 ¶ 14. In a conversation with Estes, "Plaintiff requested that Defendant Buffalo Rock accommodate his tardiness" because of his sleep disorder. *Id.* Plaintiff claims that "two white co-workers [] were consistently late to work," but were never disciplined or terminated. *Id.* Plaintiff claims that after this incident, "Estes never mentioned anything else about [him] being tardy to work until he was terminated on October 4, 2023." *Id.*

Plaintiff alleges that in April 2023, he "was notified that he was being demoted to a 'floater'" and that "[a]s a floater, the plaintiff no longer had a designated route . . . . [and] he was to work behind route merchandisers within the river region, including the Montgomery, Prattville, Tallassee, Greenville and Wetumpka, Alabama stores." *Id.* ¶ 15. Prior to this change, Plaintiff had only been assigned to stores in the Wetumpka, Alabama area. *Id.* ¶ 13.

Plaintiff claims that once he became a "floater" he experienced severe racial harassment from his coworkers. *Id.* ¶¶ 16–21. Plaintiff alleges that this harassment occurred in a group chat among Plaintiff, his coworkers, and his supervisor Zackery Cybulski. *Id.* ¶¶ 17–22. Following receipt of text messages from these coworkers, Plaintiff notified Estes of the harassment.[1] *Id.* ¶ 23. He alleges Estes "acknowledged the racial harassment and commented that there had been prior incidents of racism before with the Defendant's employees." *Id.* ¶ 23. Plaintiff claims "Estes also failed to either report and/or investigate the allegations[.]" *Id.* ¶ 24.

In October 2023, Plaintiff's employment was terminated. *Id.* ¶ 27. When Plaintiff was terminated, Defendant allegedly told Plaintiff he was being terminated because he was late to work and violated the attendance policy. *Id.* ¶¶ 27–28. Plaintiff then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in October 2023. Doc. 13 at 2. Plaintiff's Charge of Discrimination states that "I am a member of a protected class (race: African American)." Doc. 13-1. He then claims he "was

---

[1] Plaintiff's other supervisor, Zackery Cybulski, who was included in the group message chat, allegedly "failed to report and/or investigate the matter further." Doc. 9 ¶ 22.

2

discharged for tardiness when [] white comparators have not been disciplined, demoted, or discharged for the same actions." *Id.* After receiving the EEOC's Notice of Right to Sue Letter, dated April 25, 2025, Plaintiff filed a Complaint in this Court on July 15, 2025, Doc. 9 ¶ 9.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam) (quoting *Twombly*, 550 U.S. at

556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

Generally, "[w]hen a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." *Johnson v. Unique Vacations, Inc.*, 498 F. App'x 892, 894 (11th Cir. 2012) (per curiam).[2] However, "the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting *SFM Holdings, Ltd. V. Bank of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)). More specifically, "[i]n discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading." *Chestnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013).

**III.   DISCUSSION**

In the Second Amended Complaint, Plaintiff alleges four Counts against Defendant. In Count I, Plaintiff asserts Defendant's conduct constitutes unlawful discrimination and harassment under Title VII. Doc. 9 ¶¶ 35–42. In Count II, Plaintiff alleges he was retaliated against for engaging in the protected activity of reporting racial harassment to his supervisor in violation of Title VII. Doc. 9 ¶¶ 43–45. In Count III, Plaintiff alleges Defendant knowingly and willfully discriminated against Plaintiff on the basis of his race

---

[2] Here, and elsewhere in this Recommendation, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

in violation of 42 U.S.C. § 1981. Doc. 9 ¶¶ 46–51. In Count IV, Plaintiff alleges Defendant retaliated against him in violation of 42 U.S.C. § 1981. Doc. 9 ¶¶ 52–57.

In Defendant's Motion to Dismiss, Defendant argues Plaintiff's Title VII harassment and retaliation claims in Counts I–II are insufficient as a matter of law because Plaintiff has failed to exhaust his administrative remedies. Doc. 13 at 1–2.

"Title VII makes it unlawful for an employer to discriminate against an employee 'with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Ortiz v. Waste Mgmt., Inc.*, 808 F. App'x 1010, 1013 (11th Cir. 2020) (per curiam) (quoting 42 U.S.C. § 2000e-2(a)(1)). "It is axiomatic that a plaintiff seeking to bring suit against an employer under Title VII must first file an administrative charge of discrimination with the EEOC." *Wingfield v. Hall*, 2024 U.S. Dist. LEXIS 58595, at *13 (M.D. Ala. Mar. 30, 2024) (citing *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005)). "[T]he scope of [a] judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the *charge* of discrimination." *Francois v. Miami Dade Cnty.*, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam) (alterations in original) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[3] "[C]harges should contain, among other things, [a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Id.* (second

---

[3] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

alteration in original) (internal quotations omitted) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

"Judicial claims that merely 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint are permissible; but a judicial complaint may not assert 'allegations of new acts of discrimination.'" *Ortiz*, 808 F. App'x at 1014 (quoting *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam)).

### A.     Plaintiff's Exhibits are not part of his EEOC Charge.

In Plaintiff's Response to the Motion to Dismiss, Plaintiff relies on "Exhibits 4-7," which were attached to Plaintiff's Complaint and which he also argues were part of "his position statement and exhibits" submitted to the EEOC. Doc. 18 at 5. To the extent Plaintiff asserts the Court should consider these documents because they were attached to the Complaint, that pleading has been superseded by Plaintiff's Second Amended Complaint. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quoting *Proctor & Gamble Def. Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945))). While Plaintiff's Complaint has been superseded, the Court is permitted to consider exhibits attached to Plaintiff's Complaint because Plaintiff "refers to them in his amended complaint, thereby incorporating them by reference." *Nieman v. Nat'l Claims Adjusters, Inc.*, 775 F. App'x 622, 624 (11th Cir. 2019).

These exhibits include plainly racially derogatory statements. Plaintiff alleges that after filing his EEOC Charge, he "submitted a position statement to the EEOC, including

6

exhibits of racist messages, supervisor communications, and the sleep disorder disclosure, which detailed discrimination, harassment, and retaliation." Doc. 18 ¶ 8. Plaintiff indicates that these documents could be obtained by requesting the entire EEOC file. *Id.* Plaintiff further indicates that months after his October 2023 EEOC charge was submitted, he received a communication from EEOC investigator, April N. Ling, which "confirmed receipt of the position statement and exhibits via email on February 27, 2024, and that these materials were "incorporated [] into the investigation." *Id.* ¶ 9.

Even considering the exhibits were properly incorporated in his Second Amended Complaint, Plaintiff has not demonstrated these exhibits were part of the EEOC Charge specifically (Doc. 18 at 5). What is before the Court in the record—the EEOC charge and the Right to Sue letter—do not indicate these documents were part of the Charge or the investigation. These documents are not mentioned, they are not referenced, and they are not plainly incorporated. Plaintiff offers his argument that an EEOC investigator months later acknowledged receipt of the documents by an email, but that email is not before the Court (and the Court questions whether it properly could be). Thus, the Court does not have a basis to find the record before the EEOC included these documents generally. *See Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1277 (M.D. Ala. 2011) ("When considering the extent of a reasonable investigation by the EEOC, courts begin with the EEOC charge itself, with a particular focus on the factual statement contained therein.").

Further, even if these documents were placed later in the EEOC record, caselaw forecloses the argument that Plaintiff can amend his EEOC Charge through the submission of a subsequent position statement. *See Ambus v. Autozoners, LLC*, 938 F. Supp. 2d 1225,

7

1230–31 (M.D. Ala. 2013) ("[L]etters sent to the EEOC cannot constructively amend a formal charge."); *see also McCullough v. Cirkul, Inc.*, 2024 U.S. Dist. LEXIS 210711, at *8 (M.D. Fla. Nov. 20, 2024) ("[I]ncluding new claims in a rebuttal letter does not constitute proper exhaustion of an administrative remedy."); *Thierry v. Serta Simmons Bedding, LLC*, 2025 U.S. Dist. LEXIS 207505, at *8–9 (N.D. Ga. June 26, 2025) ("[T]he Court finds that it was required only to 'examine whether [Plaintiff's] claims could reasonably be expected to arise during the course of the EEOC investigation based on that which is stated in the verified EEOC' charge itself[,]" and is not required to consider the plaintiff's rebuttal statement.). In *Lowry v. Hwaseung Auto. USA, LLC*, the plaintiff argued "that the Court should [] consider her rebuttal statement, formatted as a letter to the EEOC, which she attached with her response brief to the motion to dismiss." 2024 U.S. Dist. LEXIS 165150, at *10 (M.D. Ala. Sept. 13, 2024). In the plaintiff's rebuttal statement, the plaintiff had made the request "that her original charge be amended." *Id.* There, the Court reasoned that even though the plaintiff made this request to amend, "there is no evidence that the EEOC granted her request," and ultimately found "letters sent to the EEOC cannot constructively amend a formal charge." *Id.* (quoting *Ambus*, 938 F. Supp. 2d at 1230–31). Thus, the Court found that it could not look to the rebuttal letter for its exhaustion analysis because the rebuttal letter "is not an amended charge, did not amend the charge, and was attached to the Plaintiff's response brief." *Id.* at *11.

For these reasons, Plaintiff's submission of documents to the EEOC did not constitute an amendment of his EEOC charge, and therefore, the new allegations in these documents are not part of his EEOC charge.

### B. Plaintiff failed to exhaust administrative remedies for his Title VII harassment claim.

In its Motion, Defendant argues Plaintiff failed to allege discriminatory acts of harassment or a hostile work environment in the EEOC Charge. Doc. 13 at 6.

"Title VII 'does not prohibit harassment alone, however severe and pervasive.'" *Ortiz*, 808 F. App'x at 1013 (quoting *Baldwin v. Blue Cross/Blue Shield*, 480 F.3d 1287, 1301 (11th Cir. 2007)). "Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category[.]" *Id.* (quoting *Baldwin*, 480 F.3d at 1301–02).

Plaintiff's EEOC Charge alleges that he is a member of a protected class and that he was "discharged" when "white comparators have not been disciplined, demoted or discharged for the same actions." Doc. 13-1. These statements contain no content alleging any facts related to whether he was "subject to unwelcome harassment" or any other facts related to harassment. *See Ambus*, 938 F. Supp. 2d at 1236 (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (noting the elements of a hostile work environment include that plaintiff was "subject to unwelcome harassment . . . based on a protected characteristic, and "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment")). He includes, for example, no mention of the text messages referenced in his Second Amended Complaint, he asserts no racially-charged comments by coworkers, and he mentions nothing suggesting to the EEOC that his charge involves a claim of severe or pervasive racial harassment. Instead, the charge is focused on a discrete act—the alleged discriminatory discharge from employment. Thus, because

9

Plaintiff's statements about being discharged while "white comparators" were not discharged did not include any necessary facts related to harassment, Plaintiff's EEOC Charge would not lead the EEOC to investigate actions involving harassment or hostile work environment. *See Wingfield*, 2024 U.S. Dist. LEXIS 58595, at *14, 17 (finding that nowhere in her EEOC charge did Plaintiff "allege any series of events that would have suggested a hostile work environment." (citing *Green v. Elixer Indus.*, 152 F. App'x 838, 841 (11th Cir. 2005) (finding that because the plaintiff's EEOC charge included no mention of "incidents of harassment" or anything related to the dates on which the harassment occurred that the plaintiff's EEOC charge form cannot be said to "encompass a hostile work environment claim."))). Here, Plaintiff's EEOC Charge contains no content about harassment or hostile work environment. For this reason, Plaintiff has failed to exhaust the administrative remedies for his Title VII harassment claim.

**C.    Plaintiff failed to exhaust administrative remedies for his Title VII retaliation claim.**

In its Motion, Defendant further argues Plaintiff failed to allege a discriminatory motive of retaliation in his EEOC Charge. Doc. 13 at 6.

"Title VII [] makes it unlawful for an employer to retaliate against an employee because of the employee's opposition to an employment practice, if that kind of practice is made unlawful under Title VII." *Ortiz*, 808 F. App'x at 1013 (citing 42 U.S.C. § 2000e-3(a)). While not required at the motion to dismiss stage, to put the claim in context it is helpful to understand the elements of a prima facie case of retaliation, which require a plaintiff to show he (1) "engaged in an activity protected under Title VII" and (2) "suffered

an adverse employment action"; and that (3) "there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Plaintiff's EEOC Charge alleges that he is a member of a protected class and that he was "discharged" when "white comparators have not been disciplined, demoted or discharged for the same actions." Doc. 13-1. As alleged, these facts contain no statements asserting retaliation. Plaintiff alleges actions related to his being discharged when other employees of another race have not been discharged. The Court cannot infer that the EEOC's investigation would have encompassed actions involving retaliation based on the claims in Plaintiff's EEOC Charge of being "African American" and being discharged from his position when white comparators were not. Plaintiff did not indicate "retaliation" in the body of the EEOC Charge, nor did Plaintiff include any statements in the EEOC Charge about the causal connection between the termination and any protected activity. *See Wingfield*, 2024 U.S. Dist. LEXIS 58595 at *14–15, 17 (finding that the plaintiff had failed to include a retaliation claim in her EEOC charge because "[n]owhere in the [EEOC charge] narrative did Plaintiff allege any type of protected activity that could have given rise to a retaliation claim." (citing *Ramon v. AT&T Broadband*, 195 F. App'x 860, 866 (11th Cir. 2006) (finding that a "retaliation claim could not have reasonably been expected to grow out of the allegations made by the plaintiff in her EEOC charge" because plaintiff failed to "check the retaliation box on the EEOC charge form" and also did not include in her charge how the adverse employment action was a result of her complaint))). For this

reason, Plaintiff has failed to exhaust the administrative remedies for his Title VII retaliation claim.

## IV. CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Defendant's Partial Motion to Dismiss be GRANTED and the Court dismiss Counts I and II, the Title VII harassment and retaliation claims.

Further, it is ORDERED that on or before **December 29, 2025**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 15th day of December, 2025.

                                                   /s/ Kelly Fitzgerald Pate
                                                   KELLY FITZGERALD PATE
                                                   UNITED STATES MAGISTRATE JUDGE