IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEONDRE' ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-00523-RAH-KFP |
| | ) |
| BUFFALO ROCK COMPANY, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

On December 15, 2025, the magistrate judge recommended (*see* doc. 20) that Defendant's *Partial Motion to Dismiss* (*see* doc. 13) be granted and therefore that Counts I and II of the Second Amended Complaint be dismissed for failure to exhaust administrative remedies. Plaintiff filed Objections on January 16, 2026.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

In her recommendation, the magistrate judge recommended dismissal of Count I for failure to exhaust administrative remedies because Plaintiff's EEOC

Charge contained no facts or assertion that he was subject to unwelcome harassment or a hostile work environment based on race. In Count II, the magistrate judge recommended dismissal for failure to exhaust because the EEOC Charge contained no facts or assertion that Plaintiff had been the subject of retaliation for engaging in protected conduct. Instead, the magistrate judge interpreted the EEOC Charge as complaining of a discriminatory demotion and termination based on race.

In his objection, Plaintiff complains that the magistrate judge failed to address the critical factual allegations about the Defendant's reasons for his termination and the disparate treatment of white co-workers who were late but never disciplined or terminated. He further argues that the Second Amended Complaint matches his EEOC Charge in that he was demoted and therefore subject to harassment and that a reasonable investigation would have discovered a racially hostile work environment. As to his retaliation claim, he asserts that the magistrate judge is placing form over substance and that his discharge was the ultimate retaliatory act.

Plaintiff's objection misrepresents his EEOC Charge and gives it a much broader interpretation than it actually reads. The EEOC Charge makes clear that Plaintiff was claiming discriminatory demotion and termination based on race. As it states, "[i]n April 2023, I was demoted and on October 4, 2023, I was discharged for tardiness when my white comparators have not been disciplined, demoted, or discharged for the same actions. The above-named employer stated that my discharge was due to tardiness. I believe I have been discriminated against due to my race – African American – in violation of Title VII of the Civil Rights Act of 1964, as amended." Nowhere did Plaintiff claim or even hint about a racially hostile work environment, race-based harassment, or any retaliatory conduct based on engaging in protected conduct. As such, the Court concludes that the magistrate judge correctly concluded that Plaintiff failed to exhaust his claims for harassment, a hostile work environment, and retaliation as asserted in Counts I and II.

However, this Court interprets Count I as asserting more than just a discriminatory harassment and hostile work environment claim. Count I does make a claim for harassment and hostile work environment, but it also makes a claim for race-based discrimination in the context of his demotion and termination. In this regard, Count I is titled "Racial Discrimination and Harassment" and asserts that "Plaintiff was treated less favorably than white employees in disciplinary decisions and termination" and that he was "disciplined and terminated" while white co-workers were received no similar discipline or termination for the same offense. Plaintiff did properly exhaust that claim. Therefore, the magistrate judge's recommendation will be rejected only to the extent that it recommended dismissal of Count I in its entirety.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. The Recommendation (doc. 20) is **ADOPTED in part and REJECTED in part**;

2. The Recommendation is **ADOPTED** to the extent the magistrate judge recommended dismissal of the harassment and hostile work environment claim in Count I and the retaliation claim in Count II, but **REJECTED** to the extent the magistrate judge recommended dismissal of the discriminatory demotion and termination claims in Count I;

3. Defendant's *Partial Motion to Dismiss* (doc. 13) is **GRANTED** in part;

4. The discriminatory harassment and hostile work environment claim in Count I and Count II (in its entirety) are hereby **DISMISSED**;

5. This case shall proceed on Counts I (racially discriminatory demotion and termination), III and IV of the Second Amended Complaint; and,

6. This case is referred back to the Magistrate Judge for further proceedings.

**DONE** on this the 26th day of January 2026.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE